UNITED STATES, Appellee

v.

Phillip K. LEE, Staff Sergeant
U.S. Air Force, Appellant

No. 99-0002

Crim. App. No. 32773

_____

United States Court of Appeals for the Armed Forces

Argued October 11, 2000

Decided December 11, 2000

GIERKE, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., SULLIVAN, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Captain Patience E. Schermer (argued); Lieutenant
   Colonel James R. Wise and Major Stephen P. Kelly (on brief);
   Colonel Jeanne M. Rueth.

For Appellee:  Major Lance B. Sigmon (argued); Colonel Anthony P.
   Dattilo, Lieutenant Colonel Ronald A. Rodgers, Major Harold
   M. Vaught, and Captain Suzanne Sumner (on brief).

Amicus Curiae Urging Remand:  Philip D. Cave (argued); Eugene R.
   Fidell, Kevin J. Barry, Stephen A. Saltzburg, and Dwight H.
   Sullivan (on brief) -- For National Institute of Military
   Justice.

Military Judge:  Mary M. Boone

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of carnal knowledge, sodomy with a child, and committing an indecent act on a female under the age of 16 years, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 18 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to 15 years in accordance with a pretrial agreement but approved the remainder of the sentence as adjudged.

When appellant's case was first reviewed by the Court of Criminal Appeals, he raised legal issues involving ex post facto punishment under United States v. Gorski, 47 MJ 370 (1997); errors in the staff judge advocate's recommendation (SJAR); illegal pretrial confinement credit; and propriety of the prosecutor's sentencing argument. The court below returned the case to the Judge Advocate General of the Air Force for Gorski relief, set out the confinement credit ordered by the judge, which had been omitted from the action, and affirmed the findings and the approved sentence.

This Court granted appellant's petition for review and ordered a new SJAR and convening authority's action. 50 MJ 296 (1999). After the new recommendation and action were completed with no relief being granted, the court below again reviewed the case. On this further review, no new issues were before the court. The court below affirmed the findings and sentence in a

short per curiam opinion, noting, "Judge HEAD did not participate in the decision." No reason for Judge Head's absence is stated or apparent from the record.

Appellant requested the court below to reconsider its decision, alleging that the court erred by affirming his conviction with only two judges participating. The Court of Criminal Appeals sitting en banc (including Judge Head) denied reconsideration by an order, holding that "[t]he panel that decided the appellant's case was 'composed' of three appellate military judges, properly appointed" and that "[a] proper quorum of the panel heard and determined the appellant's case." The issue now before this Court arises from these last two decisions of the court below.[1] For the reasons set out below, we hold that the Court of Criminal Appeals did not err.

Appellant argues that he "has a statutory right to have his case reviewed . . . by a service Court of Criminal Appeals properly constituted and lawfully operating with not less than three appellate judges per panel, as Congress intended and mandates in Article 66(a), UCMJ." Defense Brief at 5. He points out that Congress specifically gave this Court and the civilian federal courts of appeals the power to act by quorum in Article 144, UCMJ, 10 USC § 944, and 28 USC § 46(d), respectively, but it did not expressly grant this power to the Courts of Criminal Appeals in Article 66, UCMJ, 10 USC § 866 (1994). Defense Brief

---

[1] This Court granted appellant's petition for review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN THEIR DUTY UNDER ARTICLE 66(a) AND 66(c), UCMJ, TO PROPERLY REVIEW APPELLANT'S CASE WHEN ONLY TWO JUDGES PARTICIPATED IN THE DECISION.

at 10-12. Appellant calls our attention to the Supreme Court's decision in Ayrshire Collieries Corp. v. United States, 331 U.S. 132 (1947), which voided a decision of a three-judge district court involving an injunction against enforcement of a Federal administrative ruling because only two of the required three judges participated in the decision. Defense Brief at 13. Finally, appellant argues alternatively that even if a two-judge quorum has authority to decide a case, the absence of a judge must be for good cause. Defense Brief at 22.

Amicus curiae argue that this Court should treat Judge Head's absence as a recusal and review it for abuse of discretion. Brief at 5-6. Amicus curiae further argue that, because the record in this case provides no information from which this Court can determine whether Judge Head abused his discretion by failing to participate in appellant's case, a remand is necessary. Brief at 7-8.

The Government argues that it has long been established that two judges of a panel may hear and decide any case properly referred to it. The Government relies on this Court's decision in United States v. Petroff-Tachomakoff, 5 USCMA 824, 19 CMR 120 (1955).

Article 66(a) requires each Judge Advocate General to "establish a Court of Criminal Appeals which shall be composed of one or more panels, and each such panel shall be composed of not less than three appellate military judges." Article 66(f) requires the Judge Advocates General to "prescribe uniform rules of procedure for Courts of Criminal Appeals." Pursuant to that statutory mandate, they have promulgated Rule 4(a), which

provides:   "When sitting in panel, a majority of the judges assigned to that panel constitutes a quorum for the purpose of hearing or determining any matter referred to the panel."   44 MJ at LXV.

In United States v. Petroff-Tachomakoff, supra, this Court rejected an argument almost identical to appellant's.  This Court held that a board of review composed of three members had jurisdiction to hear and decide cases with only two members participating in the decision, that "fixing of the number of members necessary to constitute a quorum is a procedural act," and that the Judge Advocates General acted within their authority when they promulgated the quorum rule allowing two members of a three-member panel to decide cases.  5 USCMA at 829, 19 CMR at 125.  Finally, this Court distinguished Ayrshire Collieries, cited by appellant and amicus curiae in this case, on the ground that Ayrshire Collieries involved a lawsuit "to enjoin enforcement of Federal administrative rulings" and that Congress had specifically required in a predecessor statute to 28 USC § 2284 (28 USC § 47 (1913)) that such applications "shall be heard and determined by three judges."  5 USCMA at 828, 19 CMR at 124; 331 U.S. at 135.

In Petroff-Tachomakoff, this Court took specific note of 28 USC § 46(d), which allows civilian courts of appeals to decide cases when only a majority of the judges authorized to constitute a court or panel participate.  5 USCMA at 828, 19 CMR at 124. Finally, this Court declined to analogize Article 66 to Articles

16 and 29,[2] noting that Congress had specifically provided that a court-martial was not authorized to decide cases in the absence of a stated number of members, but that Congress had not imposed a similar numerical requirement in Article 66.  5 USCMA at 829-30, 19 CMR at 125-26.  The Petroff-Tachomakoff holding was reiterated in United States v. Hurt, 9 USCMA 735, 755, 27 CMR 3, 23 (1958), and most recently in United States v. Parker, 22 USCMA 358, 360, 47 CMR 10, 12 (1973).

In United States v. Elliott, 15 MJ 347 (1983), this Court held that a panel of the Navy-Marine Corps Court of Military Review was not authorized to decide a case where the third member of the panel was absent on leave when he was detailed to the panel, had not been sworn in as an appellate military judge, and was still absent on leave when the case was decided.  This Court distinguished Petroff-Tachomakoff, noting that it dealt with a case where three members were actually "serving on a panel, even though one of them had not participated in the decision."  Id. at 350.  In Elliott, this Court held that the third judge's connection with the panel "was so attenuated that the three-judge requirement imposed by Article 66(a) was not satisfied."  15 MJ at 350.

In our view, Petroff-Tachomakoff is still the controlling legal authority.  It was decided shortly after enactment of the

---

[2] Article 16 states that general courts-martial consist of "not less than five" members and special courts-martial of "not less than three" members. Article 29(b) provides:

> Whenever a general court-martial, other than a general court-martial composed of a military judge only, is reduced below five members, the trial may not proceed unless the convening authority details new members sufficient in number to provide for not less than five members.

UCMJ, by a Court intimately familiar with the legislative history of the UCMJ, particularly Articles 66 and 67, as well as the longstanding practice of the Boards of Review to operate under a quorum rule that permitted fewer than three sitting judges to decide a case under a statute similar to Article 66. See 5 USCMA at 831, 19 CMR at 127.

Appellant and amicus curiae have advanced sound policy reasons for requiring three judges to participate in every decision, but they have not convinced us that there is any legal authority requiring it. Appellant has not demonstrated that our longstanding precedent in Petroff-Tachomakoff is "unworkable or . . . badly reasoned." Payne v. Tennessee, 501 U.S. 808, 827 (1991). By allowing the Courts of Criminal Appeals to operate by quorum, Rule 4 and our decision in Petroff-Tachomakoff conform military practice to current federal civilian practice.

Even though several decades have passed since the decision in Petroff-Tachomakoff, there have been no changes to the military justice system that require us to interpret Article 66 differently. If Congress wanted to require three judges to participate in every decision, it could have modified Article 66 after the Petroff-Tachomakoff decision in 1955. Although Congress has imposed a minimum numerical requirement in Articles 16 and 29 (members of courts-martial) and in 28 USC § 2284 (1976), it has not modified Article 66 in response to Petroff-Tachomakoff. Similarly, the President could have included a three-judge requirement in RCM 1203, Manual for Courts-Martial, United States (2000 ed.), but he did not.

Appellant does not assert and the record does not reflect that the panel in appellant's case was subject to the infirmities that existed in Elliott.  Accordingly, we hold that Elliott is inapposite and that Petroff-Tachomakoff controls in this case.

The decision of the United States Air Force Court of Criminal Appeals on further review is affirmed.